Bradley *v.* Jefferson County.

Judgment reversed.

*S. Whicher*, for appellant.

*Cloud* and *O'Connor*, and *W. Penn Clarke*, for appellee.

---

BRADLEY *v.* JEFFERSON COUNTY.

A county collector and treasurer is authorized by the Code, to employ a deputy, and it is the duty of county court to make reasonable allowance for the services. If the salary is not stipulated before the services are performed, reasonable compensation to be determined by law and evidence, must be made after the services are rendered.

*Appeal from Jefferson District Court.*

*Opinion by* HALL, J.    Bradley was collector and treasurer of Jefferson county. During the time he held the office it became absolutely necessary, for a proper discharge of the duties of his office, owing to the pressure of business, that he should employ a deputy to assist in the office.

Bradley *v.* Jefferson County,

This he did, and paid him a fair and reasonable compensation for his services.

For the amount so paid by him, he presented a demand to the county court, who refused to allow it. An appeal was taken to the district court, and the district court decided that he should not be paid, and rendered judgment against him, from which decision the appeal is taken to this court.

Section 417 of the Code contemplates precisely such a case as this, and provides "that the county court may make a reasonable allowance to the deputy." The court below probably construed this section so as leave the question of payment discretionary with the county court. In this we think it erred. The Code contemplates that the county court may make the allowance at the time, or prior to the appointment of the deputy ; in other words, that the county court may specify a reasonable compensation for the deputy before he renders the services, in the form of a stipulated salary. If it is not fixed in this manner, and the services are rendered, then the county must pay a reasonable compensation for the necessary services rendered; and this amount was not left to the capricious notions of *a man*, but to the sound discretion of *a court*, which should be controlled by law and evidence.

Judgment reversed.

*C. Negus*, for appellant.

*Knapp* and *Clinton*, for appellee.